## In re NEARY.

No. 25774.    Nov. 5, 1935.

Chas. G. Watts and Forrester Brewster, for T. E. Neary.

Warren T. Spies and John Ladner, for the State Bar of Oklahoma.

BUSBY, J. This is a review of the recommendations of the Board of Governors of the State Bar of Oklahoma, to the effect that the respondent, T. E. Neary, a member of the State Bar of Oklahoma, be suspended from the privilege of practicing law in this state for and during a period of six months. The Board of Governors pray that an order of this court be entered in accord with its recommendations.

At the time the appeal was perfected in this court, to wit, August 4, 1934, the respondent, Neary, through his attorney, filed a petition for review. Thereafter, and on October 18, 1934, a motion on behalf of the State Bar was filed herein to dismiss this petition for review for the reason that no briefs had been filed by respondent, Neary, in support of his petition, nor had additional time been given for filing the same, and that the said Neary was in default in the filing of said briefs. This motion was denied. Thereafter, and on February 1, 1935, the State Bar of Oklahoma, by its legal counsel, filed its brief in response to the petition for review.

The respondent, T. E. Neary, has not seen fit to furnish this court with any brief other than the statement of facts and citations contained in his petition for review.

The record in this case is somewhat voluminous.

After charges had been filed by T. L. Miller, a client of respondent, charging him with

willful violation of his duties as an attorney and of being guilty of collusion in a divorce action, a hearing was had before the administrative counsel of the State Bar. This committee recommended that respondent be found guilty and that respondent be suspended from the practice of law for a period of three months on one charge, and that he be found guilty and punished by a public reprimand on the other charge. Thereafter, on review, the Board of Governors entered its finding of facts, conclusions of law and recommendations as follows:

"The respondent, T. E. Neary, was charged by a complaint filed before the Administrative Committee for the Third Section of the State Bar of Oklahoma by one T. J. Miller, a resident of Muskogee, Okla. The complaint charges the respondent with neglect of his duties as an attorney and for failure properly to represent the interests of the complainant. After the complaint was filed, the Administrative Committee by its Chairman filed a supplemental complaint, charging the respondent with participating in a conspiracy with T. J. Miller and Vicky Miller to obtain a divorce for those parties by collusion and fraud. To the original complaint, the respondent, T. E. Neary, filed his answer wherein he admits in part and denies in part the allegations of the complaint. The matter was heard before said Administrative Committee and at the conclusion of that hearing the Committee entered its findings of fact and recommendations for discipline. Exceptions to the findings and recommendations of the Administrative Committee were duly filed by the respondent and the cause is now before the Board of Governors upon the record made before the committee, its findings and recommendations, and exceptions thereto. The respondent has not requested permission to offer further testimony before this Board.

"Finding of Fact. We find that the respondent, Thomas E. Neary, was at the times mentioned in said complaint, and now is, a member of the State Bar; that on or about the 13th day of January, 1933, he was retained by the complainant, T. J. Miller, to procure a divorce for Miller from his wife, Vicky Miller; that after the initial consultation between T. J. Miller and the respondent, and on the same day, Miller brought his wife to the office and she then and there signed an instrument which was an entry of appearance, waiver of summons, consent to trial, and which recited that she was to receive $300 upon the granting of the decree of divorce. That said instrument was prepared by the respondent and submitted by him to Mrs. Miller; that thereafter, and on the same day, the respondent in company with the complainant filed the petition for divorce and waiver of Mrs. Mil-

ler in the district court of Muskogee county, and immediately presented the matter to that court, Judge Enloe V. Vernor presiding; that the court acting upon the testimony of Mr. Miller and the statements of the respondent granted the decree of divorce, and the respondent and complainant thereupon returned to the office of the respondent and the complainant then and there paid the sum of $300 to Mrs. Miller.

"The Board of Governors further finds that on the following day Mrs. Miller, by her attorney, Homer Baughman, filed in said court motion to vacate the decree obtained the day before: that the motion alleged among other things that Mrs. Miller was forced to sign the waiver of summons and entry of appearance against her will under threats and intimidation, and that the decree was obtained through fraud, misrepresentation and coercion. This motion was verified by Mrs. Miller. The Board finds that thereafter, and on the 19th day of January, 1933, upon a hearing had on said motion, the court entered an order setting aside the decree of divorce and that the respondent offered no resistance to such order. That thereafter Mrs. Miller filed an answer and cross-petition praying a divorce and alimony in the sum of $5,000, to which the respondent filed a reply. That thereafter, and on the 25th day of January, 1933, counsel for Mrs. Miller made application to the district judge for an order restraining Miller from molesting his wife and for the appointment of a special guard over the person of the defendant; that Judge Vernor being reluctant to enter the order, counsel for Mr. Miller produced the respondent, who advised the court to enter the order and appoint the guard. That thereafter, and on the 27th day of January, 1933, the said cause came on for trial, and that after a hearing thereon, the presiding Judge Enloe V. Vernor called the respondent and the counsel for Mrs. Miller to his chambers for a conference; that in said conference the court having indicated that alimony in the sum of $200 additional only should be allowed, the respondent stated in effect that he thought Mrs. Miller should have judgment for $1,000. The Board further finds that at the trial of the divorce proceedings upon the cross-petition of Mrs. Miller, the respondent did not exercise his right of cross-examination of the witnesses for Mrs. Miller. The Board of Governors further finds that the findings of fact of the Administrative Committee are fully sustained by the evidence and hereby adopts those findings as a part of the findings of this Board.

"The Board of Goevrnors further finds from the record in this cause that the respondent, T. E. Neary, willfully failed and neglected properly to represent the interests of his client, T. J. Miller, with the fidelity

and zeal which is required of an attorney at law. The Board of Governors further finds from the record in this case that the respondent willfully colluded and arranged with the complainant, T. J. Miller, and Vicky Miller, his wife, for the procurement of a decree of divorce in favor of said complainant in violation of the duties of said respondent as an attorney at law.

"Conclusions of Law. The Board of Governors therefore concludes that the respondent is guilty of a willful violation of the duties of an attorney at law of the State of Oklahoma.

"Recommendation. It is, therefore, by the Board of Governors of the State Bar of Oklahoma recommended that the report and findings of the Administrative Committee for the Third Section of the State Bar be sustained and adopted, and that the respondent, T. E. Neary, for his willful violation of the duties of an attorney as hereinabove set out, be suspended from the privilege of practicing law in this state for and during a period of six months, and that an order of the Supreme Court of the state of Oklahoma be entered in accordance with this recommendation. Concurring: C. B. Cochran, Thos. J. Horsley, A. R. Swank, E. C. Fitzgerald, Edgar A. deMeules, Ben F. Williams, Alger Melton, A. W. Trice. Absent and not participating: W. E. Utterback, Malcolm E. Rosser, W. C. Austin."

From an examination of the record in this case, we conclude that the opinion, findings of fact, conclusions of law and recommendation of the Board of Governors should be affirmed.

It is therefore the order of this court that the respondent, T. E. Neary, be and he is hereby suspended from the privilege of practicing law in the state of Oklahoma for and during a period of six months following the date this opinion becomes final.

McNEILL, C. J., and RILEY, WELCH, and PHELPS, JJ., concur.